# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Amy Susanne Key,<br><br><br>Debtor. | C/A No. 11-04504-DD<br><br>Chapter 7<br><br><br>**ORDER ON MOTION FOR RELIEF FROM STAY** |

This matter is before the Court on a Motion for Relief from Stay ("Motion") filed by Rufus Honeycutt on August 29, 2011. Amy Susanne Key ("Debtor") filed an Objection to Mr. Honeycutt's Motion on September 12, 2011, and Mr. Honeycutt filed a Reply on September 19, 2011. A hearing was held on September 20, 2011. At the conclusion of the hearing, the Court took the matter under advisement. After further consideration, the Court now makes the following Findings of Fact and Conclusions of Law.

## **FINDINGS OF FACT**

Debtor filed for chapter 7 protection on July 19, 2011. Debtor's Schedule I indicates that she is not employed but receives unemployment compensation of $1,320 per month. Her non-filing spouse also receives income of $454.66 per month, leaving the couple with $1,774.66 in monthly net income. Debtor's Schedule I indicates that her unemployment benefits are scheduled to end in October 2011. Debtor's Schedule J discloses monthly expenses of $1,761.00, leaving Debtor with disposable income of $13.66 per month. This expense amount does include a home expense of $750.00 per month. It is not clear whether this expense is solely for her current residence.

Prior to her current marriage, Debtor was married to Mr. Honeycutt. The parties were married on January 28, 2006. The parties were divorced on October 5, 2009, pursuant to a divorce decree and property settlement agreement issued in the Superior Court in Stephens

County, Georgia. The property settlement agreement provides that Debtor will have sole possession of the parties' former marital residence and that each party will be responsible for half of the monthly mortgage obligation. After entering into the agreement, Debtor failed to meet her monthly mortgage obligations, forcing Mr. Honeycutt to pay the entire mortgage obligation. Mr. Honeycutt filed a contempt action against Debtor in the Georgia state court to collect Debtor's unpaid portion of the mortgage obligation and to obtain possession of the property. That action was stayed by the filing of Debtor's chapter 7 case.

## CONCLUSIONS OF LAW

Mr. Honeycutt's Motion requests relief from the stay to return to the state court in order to enforce the parties' divorce decree through the previously filed contempt action. Debtor responds that she no longer lives in the home and alleges that the divorce decree does not require her to make payments if she is not occupying the home. Debtor argues that the divorce decree is ambiguous. Debtor also contests the allegation by Mr. Honeycutt that her obligations under the divorce decree and property settlement agreement are nondischargeable domestic support obligations.[1]

11 U.S.C. § 362 provides that the filing of a bankruptcy petition automatically imposes a stay of numerous kinds of actions against the debtor, including actions to enforce a pre-petition judgment and actions for collection of debt. Section 362(b) sets forth several types of actions which are excepted from the stay, including actions "for the establishment or modification of an order for domestic support obligations." 11 U.S.C. § 362(b)(2)(A)(ii). A creditor seeking to proceed with an action of a type listed in section 362(a) must apply to the court under section

---

[1] The issue of dischargeability is not presently before the Court. Proceedings on motions for relief from stay are summary proceedings. *In re Beach First Nat'l Bancshares, Inc.*, 451 B.R. 406, 410 (Bankr. D.S.C. 2011) (citing *Estate Constr. Co. v. Miller & Smith Holding Co., Inc.*, 14 F.3d 213, 219 (4th Cir 1994)). As a result, the Court will not address the parties' arguments on dischargeability and will not make a finding with respect to that issue.

362(d). Whether the creditor's request for relief from stay should be granted is in the bankruptcy judge's discretion. *In re Beach First Nat'l Bancshares, Inc.*, 451 B.R. 406, 410 (Bankr. D.S.C. 2011) (citing *In re Robbins*, 964 F.2d 342, 345 (4th Cir. 1992); *In re Laminate Kingdom, LLC*, No. 07-10279-BKC-AJC, 2008 WL 1766637, at *3 (Bankr. S.D. Fla. Mar. 13, 2008)).

Mr. Honeycutt requests permission from the Court to proceed with his state court contempt action against Debtor. Bankruptcy courts generally distinguish between contempt actions intended to punish a noncompliant party and contempt actions intended to collect a prepetition debt. 9 Norton Bankr. L. & Prac. 3d § 175:22 (2011); AmJur Bankruptcy § 1752 (2011). Courts generally grant relief from stay to allow contempt actions intended to punish and generally deny relief from stay if the contempt action is intended to collect a prepetition debt. Norton, § 175:22; AmJur Bankruptcy § 1752. Mr. Honeycutt's contempt action against Debtor is in the nature of a collection action; as such, Mr. Honeycutt should not be granted relief from stay to pursue collection of Debtor's prepetition debt.

Mr. Honeycutt also desires to obtain possession of the property. This result can be accomplished through an action to modify the parties' divorce decree and property settlement agreement. While the Court is not entirely convinced that it is necessary to grant Mr. Honeycutt relief from stay to pursue a modification action,[2] to the extent that it is necessary, the Court finds that Mr. Honeycutt should be entitled to relief from stay to pursue a modification of the parties' divorce decree in order to modify his rights with respect to the property. Debtor is no longer living in the property and is not contributing to mortgage, maintenance, or any other expenses for the property. Instead, Mr. Honeycutt continues to be solely responsible for all costs associated with the property, without the ability to occupy, rent, or make other use of the property. The

---

[2] *See* 11 U.S.C. § 362(b)(2)(A)(ii), providing that actions "for the establishment or modification of an order for domestic support obligations" are excepted from the stay.

Court finds that cause exists to grant Mr. Honeycutt relief from stay to pursue a modification of the parties' divorce decree.

## **CONCLUSION**

For the reasons stated above, Mr. Honeycutt's Motion is granted in part.  Mr. Honeycutt may not pursue his state court contempt action against Debtor at this time.  However, Mr. Honeycutt is granted relief from stay to pursue a modification of the parties' divorce decree in order to otherwise protect his rights with respect to the parties' former marital property.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**09/23/2011**



David R. Duncan
US Bankruptcy Judge
District of South Carolina

Entered: 09/26/2011